IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARKNINJA OPERATING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| IROBOT CORPORATION, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

SharkNinja Operating LLC ("SharkNinja"), through its undersigned attorneys, alleges the following for its Complaint for Declaratory Judgment against iRobot Corporation ("iRobot"):

## NATURE OF ACTION

1. This is an action for declaratory judgment, seeking a declaration of noninfringement with respect to U.S. Patent Nos. 8,418,303 ("the '303 patent") (Ex. A); 8,950,038 ("the '038 patent") (Ex. B); 9,104,204 ("the '204 patent") (Ex. C); 9,223,749 ("the '749 patent") (Ex. D); 9,492,048 ("the '048 patent") (Ex. E); 9,529,363 ("the '363 patent") (Ex. F); 9,550,294 ("the '294 patent") (Ex. G); 9,622,635 ("the '635 patent") (Ex. H); 9,921,586 ("the '586 patent") (Ex. I); 9,924,846 ("the '846 patent") (Ex. J); and 10,045,676 ("the '676 patent") (Ex. K), collectively "the iRobot patents," under the patent laws of the United States, 35 U.S.C. § 100 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. By this action, SharkNinja seeks to resolve an actual, immediate, and substantial controversy with iRobot as to the iRobot patents.

## THE PARTIES

2. Plaintiff SharkNinja is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494.

3. Upon information and belief, Defendant iRobot is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 8 Crosby Drive, Bedford, Massachusetts 01730.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over SharkNinja's Declaratory Judgment Complaint under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. This Court has personal jurisdiction over iRobot because iRobot is a corporation organized and existing under the laws of the State of Delaware and because iRobot engages in regular and systematic business within the State of Delaware.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

7. Plaintiff SharkNinja is a worldwide leader and innovator in the housewares industry. It offers more than 150 products that include vacuum cleaners and kitchen appliances. SharkNinja has a rich history of providing "five star" products to consumers at affordable prices.

8. SharkNinja devotes significant resources to its research and development, which has resulted in, among other things, development of innovative products and product features. Indeed, SharkNinja's efforts have resulted in the development of its innovative Shark® cleaning products that are well known for their quality, ease of use, and innovative technology. These include, but are not limited to, the Shark IQ Robot™ Vacuum, Shark ION™ Robot Vacuum, Shark® Rotator® Vacuum, Shark® Rocket® Vacuum, Shark Navigator® Vacuum, Shark®

Genius™ Steam Mops and Shark® Lift-Away® Pro Steam Pocket® Mop. SharkNinja's efforts have also resulted in the development of its Ninja® kitchen appliances that are also well known for their quality, ease of use, and innovative technology. These include, but are not limited to, the Ninja® Coffee bar, Ninja® Intelli-Sense® Kitchen System, Ninja® Ultra Prep™ Blender and Food Processor, Ninja Chef™ Blender, Ninja® Blender DUO® Vacuum Blender, and Foodi™ products.

9. SharkNinja's innovative products are sold by retailers as well as through direct marketing to consumers through the use of infomercials and on the Internet.

10. In September 2019, SharkNinja released a new and innovative intelligent robotic vacuum called the Shark IQ Robot™, which comes in two basic versions, both with and without a Self-Empty™ Base. The Shark IQ Robot is an intelligent navigating robot that helps consumers move from a world where things are being "done by you" to "done for you." The IQ Robot™ offers smart robotic vacuum cleaner features at affordable prices.

11. In a letter dated October 7, 2019 to the Chief Executive Officer and Chief Legal Officer of SharkNinja, iRobot's Assistant General Counsel wrongly accused SharkNinja of "violating iRobot's patent rights." The letter further stated that "the Shark IQ Robot infringes claims of at least the following iRobot United States patents," and identified each of the iRobot patents. In the letter, iRobot demanded that SharkNinja confirm by October 14, 2019 that it will immediately stop making, selling, and importing the Shark IQ Robot in its current form.

12. Based on iRobot's October 7, 2019 letter, alleging infringement of each of the iRobot patents by SharkNinja's recently-released Shark IQ Robot and demanding that SharkNinja discontinue the manufacture, importation, and sale of the Shark IQ Robot, there is a substantial controversy between SharkNinja and iRobot. SharkNinja and iRobot have adverse

legal interests with respect to the question of infringement of the iRobot patents. Given iRobot's demand that SharkNinja agree by October 14, 2019 to discontinue the manufacture, importation, and sale of the Shark IQ Robot, the dispute between SharkNinja and iRobot is immediate and real.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '303 PATENT

13. SharkNinja incorporates the preceding paragraphs as if fully set forth herein.

14. SharkNinja's Shark IQ Robot has not infringed and does not infringe any claim of the '303 patent.

15. SharkNinja's Shark IQ Robot does not meet at least the element "an axial end guard mountable about one of the end mounting features, the axial end guard configured to prevent spooled filaments from traversing axially beyond the extremity of the mounting feature about which the axial end guard is mounted, wherein the end guard is removable from a longitudinal end of the core," as recited in independent claim 1 of the '303 patent.

16. SharkNinja's Shark IQ Robot does not have at least "an axial end guard mountable in a fixed axial position relative to the core, the axial end guard configured to prevent spooled filaments from traversing axially beyond the extremity of at least one of the end mounting features, wherein the end guard is removable from a longitudinal end of the core," as recited in independent claim 10 of the '303 patent.

17. SharkNinja is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the SharkNinja Shark IQ Robot does not infringe any claim of the '303 patent.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '038 PATENT

18. SharkNinja incorporates the preceding paragraphs as if fully set forth herein.

19. SharkNinja's Shark IQ Robot has not infringed and does not infringe any claim of the '038 patent.

20. SharkNinja's Shark IQ Robot does not meet at least the claim element "wherein the drive wheel assemblies and the removable caster wheel assembly are each separately and independently removable from respective receptacles of the chassis as complete units," as recited in independent claim 1 of the '038 patent.

21. SharkNinja's Shark IQ Robot does not meet at least the claim element "wherein the power connector disposed on the outer surface of the drive wheel assembly housing is configured to mate with a corresponding chassis power connector within its respective receptacle as the drive wheel assembly is placed within the receptacle, to establish an electric power connection to the wheel assembly," as recited in independent claim 15 of the '038 patent.

22. SharkNinja is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the SharkNinja Shark IQ Robot does not infringe any claim of the '038 patent.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '204 PATENT

23. SharkNinja incorporates the preceding paragraphs as if fully set forth herein.

24. SharkNinja's Shark IQ Robot has not infringed and does not infringe any claim of the '204 patent.

25. SharkNinja's Shark IQ Robot does not "operate the robot to travel in an altered direction in response to a bump event between the robot and the object, and to shut off the robot in response to determining that the bumper switch has been constantly depressed for a predetermined amount of time," as recited in independent claim 1 of the '204 patent.

26. SharkNinja's Shark IQ Robot does not, "in response to one or more predetermined signals from a sensor, operate the robot according to an escape sequence, and to shut off the robot in response to determining that the bumper switch has been constantly depressed for a predetermined amount of time during the escape sequence," as recited in independent claim 24 of the '204 patent.

27. SharkNinja is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the SharkNinja Shark IQ Robot does not infringe any claim of the '204 patent.

## COUNT IV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '749 PATENT

28. SharkNinja incorporates the preceding paragraphs as if fully set forth herein.

29. SharkNinja's Shark IQ Robot has not infringed and does not infringe any claim of the '749 patent.

30. SharkNinja's Shark IQ Robot does not meet at least the claim element "displaying, on a display screen of the device, a status screen indicating how much of the task the autonomous vehicle has completed, wherein displaying the status screen comprises coloring a floorplan of the area as the autonomous vehicle traverses the area so that one or more colored portions of the floor plan illustrate where the autonomous vehicle has been and one or more uncolored portions of the floor plan illustrate where the autonomous vehicle has not been," as recited in independent claim 1 of the '749 patent.

31. SharkNinja's Shark IQ Robot does not meet at least the claim element "displaying, on the display, a status screen indicating how much of the task the autonomous vehicle has completed, wherein displaying the status screen comprises coloring a floor plan of the area as the autonomous vehicle traverses the area so that one or more colored portions of the floor plan illustrate where the autonomous vehicle has been and one or more uncolored portions

of the floor plan illustrate where the autonomous vehicle has not been," as recited in independent claim 6 of the '749 patent.

32. SharkNinja's Shark IQ Robot does not meet at least the claim element "receiving input from a user selecting a cleaning mode for the robot, wherein the selected cleaning mode is an area rug cleaning mode," as recited in independent claim 11 of the '749 patent.

33. SharkNinja's Shark IQ Robot does not meet at least the claim element "receiving, by the one or more input devices, input from a user selecting a cleaning mode for the robot, wherein the selected cleaning mode is an area rug cleaning mode," as recited in independent claim 14 of the '749 patent.

34. SharkNinja is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the SharkNinja Shark IQ Robot does not infringe any claim of the '749 patent.

## COUNT V
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '048 PATENT

35. SharkNinja incorporates the preceding paragraphs as if fully set forth herein.

36. SharkNinja's Shark IQ Robot has not infringed and does not infringe any claim of the '048 patent.

37. SharkNinja's Shark IQ Robot does not have at least "a station housing and a platform configured to support a robotic cleaner during servicing, the station housing defining an evacuation passageway exposed to the robotic cleaner, for evacuating debris from the robotic cleaner during servicing," as recited in independent claim 1 of the '048 patent.

38. SharkNinja's Shark IQ Robot does not have at least "a cleaning bin carried by the chassis and configured to receive debris agitated by the cleaning assembly, the cleaning bin defining a service opening in a bottom portion of the cleaning bin for removing debris held in a debris holding area of the cleaning bin," as recited in independent claim 12 of the '048 patent.

39. SharkNinja is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the SharkNinja Shark IQ Robot does not infringe any claim of the '048 patent.

## COUNT VI
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '363 PATENT

40. SharkNinja incorporates the preceding paragraphs as if fully set forth herein.

41. SharkNinja's Shark IQ Robot has not infringed and does not infringe any claim of the '363 patent.

42. SharkNinja's Shark IQ Robot does not have at least "an upward-angled camera positioned on a top of the robot body and directed at least partially away from a ceiling of the room to capture visible points on wall surfaces within the room," as recited in independent claim 1 of the '363 patent.

43. SharkNinja's Shark IQ Robot does not meet at least the element "capturing visible points on wall surfaces of a room using an upward-angled camera of the autonomous robotic cleaning device, the upward-angled camera of the autonomous robotic cleaning device being angled at least partially away from a ceiling of the room," as recited in independent claim 11 of the '363 patent.

44. SharkNinja is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the SharkNinja Shark IQ Robot does not infringe any claim of the '363 patent.

## COUNT VII
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '294 PATENT

45. SharkNinja incorporates the preceding paragraphs as if fully set forth herein.

46. SharkNinja's Shark IQ Robot has not infringed and does not infringe any claim of the '294 patent.

47. SharkNinja's Shark IQ Robot does not meet at least the claim elements "return the robot to the base charging station before completing a cleaning task in the room, in response

to detecting a need to recharge the energy storage unit; dock the robot to the base charging station upon return; recharge the energy storage unit with the robot docked; and then to control the motive system to direct the robot to continue to clean the room," as recited in independent claim 1 of the '294 patent.

48.     SharkNinja is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the SharkNinja Shark IQ Robot does not infringe any claim of the '294 patent.

## COUNT VIII
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '635 PATENT

49.     SharkNinja incorporates the preceding paragraphs as if fully set forth herein.

50.     SharkNinja's Shark IQ Robot has not infringed and does not infringe any claim of the '635 patent.

51.     SharkNinja's Shark IQ Robot does not have at least the claim element, "at least one side brush driven about a nonhorizontal axis and comprising at least one brush arm having a plurality of bristles, at least a portion of the at least one side brush extending beyond a peripheral edge of the robot housing, and at least a portion of the at least one brush arm periodically intersecting a path between at least one of the plurality of cliff sensors and the floor surface," as recited in independent claim 1 of the '635 patent.

52.     SharkNinja's Shark IQ Robot does not have at least the claim element, "at least at least one side brush, comprising at least one brush arm that includes a plurality of bristles, and at least a portion of the at least one brush arm periodically intersecting a path between at least one of the plurality of cliff sensors and the floor surface," as recited in independent claim 13 of the '635 patent.

53.     SharkNinja is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the SharkNinja Shark IQ Robot does not infringe any claim of the '635 patent.

## COUNT IX
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '586 PATENT

54. SharkNinja incorporates the preceding paragraphs as if fully set forth herein.

55. SharkNinja's Shark IQ Robot has not infringed and does not infringe any claim of the '586 patent.

56. SharkNinja's Shark IQ Robot does not have at least "a processor configured to wirelessly receive data indicative of a user selection of one or more rooms in the home and a user selection of a schedule to clean the floor surface in the one or more rooms, and, initiate, in accordance to the schedule, one or more cleaning operations, wherein during each of the one or more cleaning operations, the drive maneuvers the autonomous robotic cleaning device about the floor surface in accordance to the user selection of the one or more rooms while the cleaning apparatus cleans the floor surface," as recited in independent claim 1 of the '586 patent.

57. SharkNinja is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the SharkNinja Shark IQ Robot does not infringe any claim of the '586 patent.

## COUNT X
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '846 PATENT

58. SharkNinja incorporates the preceding paragraphs as if fully set forth herein.

59. SharkNinja's Shark IQ Robot has not infringed and does not infringe any claim of the '846 patent.

60. SharkNinja's Shark IQ Robot does not have at least "a debris bin comprising . . . at least an exhaust port through which the debris exits the debris bin, the exhaust port being at a bottom of the debris bin," as recited in independent claim 1 of the '846 patent.

61. SharkNinja is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the SharkNinja Shark IQ Robot does not infringe any claim of the '846 patent.

62.

## COUNT XI
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '676 PATENT

63. SharkNinja incorporates the preceding paragraphs as if fully set forth herein.

64. SharkNinja's Shark IQ Robot has not infringed and does not infringe any claim of the '676 patent.

65. SharkNinja's Shark IQ Robot does not meet at least the claim element "transmitting a mission status report from the robotic cleaning device to the mobile device," as recited in independent claims 1 and 19 of the '676 patent.

66. SharkNinja's Shark IQ Robot does not meet at least the claim element "transmitting from the robotic cleaning device an error report indicative of an error of at least one of a filter or a brush of the robotic cleaning device," as recited in independent claim 1 of the '676 patent.

67. SharkNinja's Shark IQ Robot does not meet at least the claim element "providing a visual or audio signal indicative of the completion of receiving the information about the cleaning power," as recited in independent claim 19 of the '676 patent.

68. SharkNinja is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the SharkNinja Shark IQ Robot does not infringe any claim of the '676 patent.

## PRAYER FOR RELIEF

WHEREFORE, SharkNinja respectfully requests that this Court enter judgment in its favor as follows:

(a) Declaring that SharkNinja's Shark IQ Robot has not infringed and does not infringe any claim of the iRobot patents;

(b) Declaring this to be an exceptional case and awarding SharkNinja its costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 28 U.S.C. § 285; and

(c) Awarding SharkNinja such further and additional relief that this Court deems just and proper.

## JURY DEMAND

SharkNinja requests a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

OF COUNSEL:

Doris Johnson Hines
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Erika Harmon Arner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Brian A. Rosenthal
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000

October 11, 2019

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Plaintiff
SharkNinja Operating LLC*